UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GEORGE A. EVAN, *et al.*,

Plaintiff,

v.

WELLS FARGO HOME MORTGAGE, INC., *et al.*,

Defendants.

Case No. 2:18-cv-01963-MMD-CWH

ORDER

## I. SUMMARY

*Pro se* Plaintiffs George A. Evan and Christine Evan sued Defendants Wells Fargo Bank, N.A.[1] ("Wells Fargo"), CoreLogic Credco, LLC[2] ("CoreLogic"), Trans Union LLC[3] ("Transunion"), and Equifax Information Services LLC[4] ("Equifax") because Wells Fargo rejected their joint application for a mortgage loan—Ms. Evan's credit score was too low. (ECF No. 1.) Plaintiffs allege violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and Wells Fargo's purported common law duties. (*Id.*) Before the Court are Transunion, CoreLogic, and Wells Fargo's motions to dismiss Plaintiffs claims against

---

[1] Plaintiffs incorrectly named Wells Fargo Bank, N.A. as Wells Fargo Home Mortgage, Inc., Wells Fargo Bank Minnesota, N.A., and Wells Fargo Bank Headquarters, N.A. (*Compare* ECF No. 1 *with* ECF No. 18 at 1.)

[2] Plaintiffs incorrectly named Defendant CoreLogic Credco, LLC as "CorelLogic Credco, LLC." (*Compare* ECF No. 1 *with* ECF No. 10 at 1.)

[3] Plaintiffs incorrectly named Defendant Trans Union LLC as "Transunion Credit Reporting Agency." (*Compare* ECF No. 1 *with* ECF No. 9 at 1.)

[4] Plaintiffs incorrectly named Defendant Equifax Information Services LLC as "Equifax Credit Reporting Agency." (*Compare* ECF No. 1 *with* ECF No. 13 at 1.) Equifax filed an answer rather than moving to dismiss Plaintiffs' Complaint. (ECF No. 13.)

them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[5] (ECF Nos. 9, 10, 18.) Because the Court agrees with Defendants—for various reasons, as explained below—the Court will grant their motions to dismiss, mostly with prejudice, but will grant Plaintiffs leave to amend their FCRA claim against Transunion and CoreLogic. As further discussed *infra* in Section IV.B, the Court will deny several other pending motions as moot.

**II.    BACKGROUND**

The facts described herein are adapted from Plaintiff's Complaint. Plaintiffs jointly applied for a home mortgage loan from Wells Fargo in 2016. (ECF No. 1 at 1.) Wells Fargo denied their application ("the Mortgage Application") because Wells Fargo requires that both applicants have a credit score of 680 or higher, measured using the middle score provided by the three major credit reporting agencies, and Mrs. Evan's middle score was 678. (*Id.* at 2.) Plaintiffs were otherwise qualified for the mortgage loan they sought. (*Id.* at 1.) Mrs. Evan's score was only 678 because she formally disputed an approximately $85 dollar charge from Diner's Club. (*Id.* at 2.) Plaintiffs wrote to Wells Fargo, telling them they had filed a consumer statement with the credit reporting agencies about the dispute, and had filed a lawsuit against Diner's Club over it. (*Id.*)

Nonetheless, Wells Fargo denied Plaintiffs' Mortgage Application. (*Id.* at 3.) Plaintiffs appealed Wells Fargo's decision by writing two additional letters explaining their situation. (*Id.*) Wells Fargo extended the date by which it would give Plaintiffs a final answer on their appeal of the Mortgage Application several times. (*Id.* at 4.) In early 2017, Wells Fargo sent Plaintiffs a letter affirming its denial of the Mortgage Application. (*Id.*)

---

[5]The Court has also reviewed Plaintiffs' responses to these motions (ECF Nos. 16, 17, 23), and CoreLogic's reply (ECF No. 20). Transunion did not file a reply in support of its motion to dismiss. Wells Fargo filed a reply (ECF No. 26) after the deadline to do so, but also filed a timely motion to extend the deadline to file its reply (ECF No. 25). The Court grants Wells Fargo's motion for a brief extension of time to file its reply (ECF No. 25) *nunc pro tunc* because the requested extension is reasonable. Plaintiff's motion to disallow Wells Fargo's late filing (ECF No. 36) is denied.

In June of 2017, Plaintiffs settled their lawsuit against Diner's Club, which resulted in "the payment of a substantial cash settlement by Diners Club to the plaintiffs, and with the permanent removal from plaintiff Christine Evan's credit record of the negative reference" that caused Wells Fargo to deny their mortgage application. (*Id.* at 3.) After that negative reference was removed, Mrs. Evans credit score "was immediately adjusted to approximately 835." (*Id.*)

Plaintiffs further allege that CoreLogic, Transunion, and Equifax failed to properly report Ms. Evan's disputed $85 charge from Diner's Club, specifically by inappropriately reporting it as a "serious delinquency," and inappropriately calculating Ms. Evan's credit score as if it were based on a delinquency. (*Id.* at 5.)

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a

plausible claim for relief. *See Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). That is insufficient. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

Where the Court grants one or more motions to dismiss, it must then decide whether to grant leave to amend. The Court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**IV. DISCUSSION**

**A. Motions to Dismiss**

Wells Fargo, Transunion, and CoreLogic all generally argue that Plaintiffs' Complaint must be dismissed for failing to comply with Fed. R. Civ. P. 8 as interpreted by the Supreme Court in *Iqbal* and *Twombly*. (ECF Nos. 9, 10, 18.) They argue Plaintiffs' Complaint lacks any facially plausible claims, as it fails to state facts sufficient to support any of Plaintiffs' apparent claims for relief. The Court will thus address all three motions together. But Defendants also make more specific arguments in favor of dismissal tied to

Plaintiffs' particular claims as asserted against each of them. The Court will therefore map its analysis below to the three claims Plaintiffs appear to assert in their Complaint. While the Court acknowledges Plaintiffs appear to have been inconvenienced here, it agrees with Defendants that Plaintiffs have failed to state a claim with respect to any of their claims, and thus will grant Defendants' motions to dismiss.

### 1. ECOA Claim

Plaintiffs allege that all Defendants violated their rights under the ECOA. The Court groups its ECOA analysis by Defendant because their arguments, and Plaintiffs' allegations against them, differ with respect to Plaintiffs' ECOA claim.

#### a. Wells Fargo

Plaintiffs allege that Wells Fargo violated their rights under the ECOA by denying the Mortgage Application. (ECF No. 1 at 5.) Plaintiffs appear to allege their rights were violated under 15 U.S.C. § 1691(a)(3)—because "the applicant has in good faith exercised any right under this chapter"—which Plaintiffs appear to allege was Ms. Evan disputing the $85 Diner's Club charge. (*Id.*; *see also* ECF No. 23 at 3-5.) "Though the Ninth Circuit has yet to articulate the elements of an ECOA claim, numerous district courts in this circuit have held that, to state a claim under ECOA, a plaintiff must allege that: '(1) she is a member of a protected class; (2) she applied for credit with defendants; (3) she qualified for credit; and (4) she was denied credit despite being qualified.'" *Harvey v. Bank of Am., N.A.*, 906 F. Supp. 2d 982, 990-91 (N.D. Cal. 2012) (dismissing Plaintiff's ECOA claim as insufficiently pled with leave to amend) (citation omitted).

Wells Fargo argues Plaintiffs fail to state a *prima facie* ECOA claim because Plaintiffs were not "qualified" for the loan that was the subject of the Mortgage Application—because Mrs. Evan's credit score was too low. (ECF No. 18 at 5-7.) Wells Fargo further argues Plaintiffs essentially concede they cannot make out a *prima facie* claim because their Complaint states the Mortgage Application was denied because Mrs. Evan's credit score was too low. (*Id.* at 5-6.) The Court agrees. Plaintiffs' Complaint is deficient because it lacks allegations tending to show Plaintiffs were qualified for the loan

they sought. Further, as Wells Fargo also argues (*id.* at 6-7), Plaintiffs' Complaint is deficient because it lacks factual allegations regarding which rights Plaintiffs were exercising (*see* 15 U.S.C. § 1691(a)(3)), and how Wells Fargo discriminated against them in denying the Mortgage Application. Even setting aside these deficiencies, Plaintiffs' own allegations show that Wells Fargo denied the Mortgage Application because of Ms. Evan's credit score at the time of the Mortgage Application, not because of Plaintiffs' protected status. Therefore, the Court will dismiss Plaintiffs' ECOA claim against Wells Fargo without leave to amend, as the Court finds that amendment would be futile in light of these allegations.

### b. CoreLogic and Transunion

Plaintiffs also assert their ECOA claim against Defendants CoreLogic and Transunion. (ECF No. 1 at 5.) Both CoreLogic and Transunion argue Plaintiffs' ECOA claim fails against them as a matter of law because the ECOA applies only to "creditors," and neither of them are "creditors." (ECF Nos. 9 at 5-6, 10 at 6-7.) The Court agrees with CoreLogic and Transunion.

Because Plaintiffs' Complaint does not allege CoreLogic and Transunion are "creditors" in the context of Plaintiffs' allegations, the Court must dismiss Plaintiffs ECOA claim against them. "A 'creditor' is defined for the purposes of the ECOA as 'any person who regularly extends, renews, or continues credit.'" *Ollie v. Waypoint Homes, Inc.*, 104 F. Supp. 3d 1012, 1014 (N.D. Cal. 2015) (citing 15 U.S.C. § 1691a(e)). "'Credit' is, in turn, defined by the ECOA as 'the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor.'" *Id.* (citing 15 U.S.C. § 1691a(d)). Here, Plaintiffs do not allege that CoreLogic or Transunion regularly extend credit. Further, Plaintiffs' Complaint does not even suggest that Plaintiffs consider CoreLogic or Transunion creditors, or denied them credit—if anyone, Wells Fargo appears to be the creditor in

Plaintiffs' Complaint. The Court will therefore dismiss Plaintiffs' ECOA claim against CoreLogic and Transunion.[6]

### 2. FCRA Claim

The FCRA creates duties for furnishers of information to credit reporting agencies. 15 U.S.C. § 1681s–2. Although there is no private right of action under § 1681s–2(a), *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009), § 1681s–2(b)(1) triggers duties when furnishers of information receive notice from the Credit Reporting Agency that the consumer disputes the information. *See Gorman*, 584 F.3d at 1154. Like with Plaintiffs' ECOA claim, the Court first addresses Wells Fargo with respect to Plaintiffs' FCRA claim, and then addresses CoreLogic and Transunion together.

#### a. Wells Fargo

Wells Fargo argues Plaintiffs' FCRA claim against it should be dismissed because Plaintiffs' Complaint fails to identify any misconduct on Wells Fargo's part. (ECF No. 18 at 8.) Wells Fargo points out that Plaintiffs' Complaint merely alleges that Wells Fargo violated their rights under the FCRA, but offers no factual allegations that would help explain how or why. (*Id.*) The Court agrees with Wells Fargo. *See Middleton v. First Premier Bank*, Case No. 2:13-cv-01344-MMD-GWF, 2014 WL 12791067, at *2 (D. Nev. Feb. 25, 2014) (dismissing the plaintiff's FCRA claim where, as here, Plaintiff pled no facially plausible claims that would allow the Court to infer that the defendant was liable for any misconduct). No allegations consistent with Plaintiffs' allegations in their Complaint would allow them to make out a claim for violation of the FCRA against Wells Fargo. Accordingly, Plaintiffs' FCRA claim against Wells Fargo is dismissed without leave to amend.

///

---

[6]The Court declines to grant leave to amend because it would be futile. Plaintiffs' allegations against CoreLogic and Transunion are based on Ms. Evan's credit score and not their role as purported "creditors" or as entities that denied them credit.

### b. CoreLogic and Transunion

Like Wells Fargo, CoreLogic and Transunion argue that Plaintiffs' FCRA claim against them should be dismissed because it lacks factual allegations sufficient to put them on notice of what portion of the FCRA Plaintiffs allege they violated, and how. (ECF Nos. 9 at 4-5, 10 at 3.) CoreLogic also makes several additional arguments as to why Plaintiffs' FRCA claims against it should be dismissed. (ECF No. 10 at 3-8.) But the Court need not, and does not, reach those arguments. The Court agrees with CoreLogic and Transunion that Plaintiffs' FCRA claims against them are insufficiently pled. Plaintiffs' Complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. Regarding Plaintiffs' FCRA claim, as currently pled, it does not. Thus, the Court will also dismiss Plaintiffs' FCRA claims against CoreLogic and Transunion, with leave to amend—as discussed below.

### 3. Breach of "Duty to Exercise the Proper Care and Due Diligence"

Plaintiffs appear to assert this claim only against Wells Fargo. (ECF No. 1 at 5.) Wells Fargo argues that it owed Plaintiffs no duty of care in this context, nor did the implied covenant of good faith and fair dealing apply because Wells Fargo had not yet entered into a contract with Plaintiffs when it denied the Mortgage Application. (ECF. No. 18 at 8-9.) The Court agrees with Wells Fargo.

"[A] financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money[.]" *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1235 (D. Nev. 2009) (citation omitted). Further, "a party cannot breach the covenant of good faith and fair dealing before a contract is formed." *Jung v. BAC Home Loans Servicing, LP*, Case No. 2:10-cv-2236 JCM GWF, 2011 WL 2462248, at *2 (D. Nev. June 17, 2011) (citing *Larson*, 680 F. Supp. 2d 1230).

There are no allegations in Plaintiffs' Complaint suggesting that Wells Fargo was acting as anything beyond a lender of money with respect to the Mortgage Application.

Thus, no duty of care or covenant appears to apply to Wells Fargo's relationship with Plaintiffs regarding the Mortgage Application. The Court will therefore dismiss whatever tort claim Plaintiffs are attempting to assert against Wells Fargo in their Complaint.

### B. Leave to Amend

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (*quoting* Fed. R. Civ. P. 15(a)). As Plaintiffs are proceeding *pro se*, the Complaint has not been previously amended, and the Court cannot conclude that amendment of Plaintiffs' FCRA claims against CoreLogic and Transunion would be futile, the Court grants leave to amend the Complaint to the extent Plaintiffs can prepare an amended complaint containing sufficiently detailed factual allegations that would allow the Court to infer how Plaintiffs allege these Defendants violated the FCRA.

### C. Other Motions

There are several motions before the Court beyond the pending motions to dismiss. The Court addresses those motions here.

First, Plaintiffs moved for an injunction requiring Wells Fargo to allow them to speak directly to Wells Fargo's customer service department about their mortgage[7] that did not stem directly from the Mortgage Application at issue here—rather than through Wells Fargo's counsel—which is apparently what Wells Fargo is requiring them to do. (ECF No. 28.) "'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (citation omitted). Further, "[a] court's equitable power lies only over the merits of the case or controversy before it." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d

---

[7]Wells Fargo ultimately gave Plaintiffs a mortgage allowing them to purchase the same home they were trying to purchase when they submitted the Mortgage Application. (ECF No. 1 at 6.) Plaintiffs allege the mortgage Wells Fargo gave them when they reapplied was more expensive—the difference between the two is the basis of Plaintiffs' claimed damages against Wells Fargo. (*Id.*)

1  631, 633 (9th Cir. 2015). "When a plaintiff seeks injunctive relief based on claims not
2  pled in the complaint, the court does not have the authority to issue an injunction." *Id.*
3  The Court will deny Plaintiffs' request for an injunction for two reasons. First, the
4  Court has no authority to grant Plaintiff's requested injunction because it is based on a
5  claim not pled in their Complaint, stemming from a different mortgage loan. *See id.*
6  Second, in light of the Court's discussion *supra* resulting in the dismissal of Plaintiffs'
7  claims against Wells Fargo, their request for an injunction is now moot.
8  Second, Wells Fargo moved to stay discovery pending resolution of its motion to
9  dismiss. (ECF No. 24.) The Court will also deny that motion as moot.
10  Third, Plaintiffs moved for a two-week suspension of the Court's schedule to allow
11  them to go on a prepaid, pre-planned vacation. (ECF No. 34.) As those two weeks have
12  come and went, and such a motion is unnecessary, the Court will also deny that motion
13  as moot.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the Court's decision.

It is therefore ordered that Defendant Transunion's motion to dismiss (ECF No. 9) is granted.

It is further ordered that Defendant CoreLogic's motion to dismiss (ECF No. 10) is granted.

It is further ordered that Wells Fargo's motion to dismiss (ECF No. 18) is granted.

It is further ordered that the Wells Fargo's motion to stay discovery (ECF No. 24) is denied as moot.

It is further ordered that the Wells Fargo's motion to extend time (ECF No. 25) is granted *nunc pro tunc*.

It is further ordered that Plaintiffs' motion for injunctive relief (ECF No. 28) is denied as moot.

It is further ordered that Plaintiffs' motion for a two week suspension of the Court's schedule (ECF No. 34) is denied as moot.

It is further ordered that Plaintiff's motion to disallow late filing of Wells Fargo's reply in support of its motion to dismiss (ECF No. 36) is denied.

The Court's dismissal of Plaintiffs' Fair Credit Reporting Act claims against CoreLogic and Transunion is without prejudice and with leave to amend. Plaintiffs may file an amended complaint within 30 days of the date of entry of this order to cure the deficiencies of their FCRA claims against CoreLogic and Transunion to the extent they are able to do so. Failure to file an amended complaint within 30 days will result in dismissal of Plaintiffs' FCRA claims against CoreLogic and Transunion with prejudice.

DATED THIS 3rd day of April 2019.

---
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE