# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGE A. EVAN, ET AL., | Case No. 2:18-cv-001963-MMD-DJA |
| Plaintiffs, | |
| v. | **ORDER** |
| WELLS FARGO HOME MORTGAGE, INC., ET AL., | |
| Defendants. | |

This matter is before the Court on *pro se* Plaintiffs' Motion to Extend Discovery (ECF No. 77), filed on October 22, 2019. The Court also considered Equifax's Response (ECF No. 78), Transunion's Response (ECF No. 79), and CorellLogic's Response (ECF No. 80), filed on November 4-5, 2019. The Court further considered Plaintiff's Reply (ECF No. 83), filed on November 12, 2019.

Although styled as a motion to extend, Plaintiffs actually request that the Court reopen discovery as the discovery cutoff deadline expired on October 15, 2019. Plaintiffs seek an additional 90 days to conduct discovery despite being granted an extended discovery period of nine months initially by the Court. Further, Plaintiffs admit that they failed to conduct discovery during the discovery period while they waited for a decision on a pending motion to dismiss. However, imposing an informal stay of discovery without court approval is not a sufficient reason to extend discovery. In addition, Plaintiffs fail to articulate the elements outlined in Local Rule 26-4 regarding what discovery has been completed, a specific description of the discovery that remains to be completed, why the deadline was not satisfied, and a proposed schedule. It appears as though Plaintiff may still be awaiting responses to discovery from Defendants, which Defendants claim to have already served. The proper relief in that instance is a motion to compel, not a motion to reopen discovery.

Moreover, Plaintiffs failed to satisfy the higher excusable neglect standard that applies to their request. "A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-4. In evaluating excusable neglect, the court considers the following equitable factors: (1) the reason for the delay, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). It is within the court's discretion to determine whether excusable neglect exists. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Defendants oppose the instant Motion by claiming they are preparing motions for summary judgment that will dispose of the case entirely. Further, they claim additional, unidentified discovery that would be served by Plaintiff would prejudice them in expending additional costs on a case that is likely to be dismissed. At this point, given that discovery has closed and Plaintiffs have not articulated what discovery remains to be completed, the Court will deny reopening the discovery period for 90 days.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Extend Discovery (ECF No. 77) is **denied**.

DATED: November 20, 2019.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE