UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE A. EVANS, *et al.*, | Case No. 2:18-cv-01963-MMD-DJA |
| Plaintiffs, | ORDER |
| v. | |
| WELLS FARGO HOME MORTGAGE, INC., *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs George A. Evan and Christine Evan's motion to dismiss Plaintiffs' amended Complaint ("Motion"). (ECF No. 88) On October 11, 2018, Plaintiffs filed the initial Complaint. (ECF No. 1.) Plaintiffs amended their Complaint on May 3, 2019, alleging that Defendant Wells Fargo Home Mortgage, Inc.[1] wrongfully denied Plaintiffs' joint-mortgage application based on erroneous information in Plaintiff Christine's credit score. (ECF No. 54 at 1-2.) Furthermore, Plaintiffs allege that Defendants CoreLogic Credco, LLC, Transunion Credit Reporting Agency, and Equifax Credit Reporting Agency violated Plaintiffs' rights under the Fair Credit Reporting Act for failing to properly address the erroneous credit score. (*Id.* at 3-6.) On November 18, 2019, Plaintiffs filed the Motion seeking court dismissal of this action with prejudice because of the complexities of this case and the multitude of Defendants with "practically unlimited resources." (ECF No. 88 at 1.) Defendants have not opposed the Motion.

Plaintiffs may seek dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(2) if the opposing party has already served an answer. Rule 41(a)(2) provides "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers

---

[1] Plaintiffs have also sued Defendants Wells Fargo Bank, Minnesota, N.A. and Wells Fargo Bank Headquarters, N.A., but Plaintiffs have only made allegations regarding Wells Fargo Home Mortgage, Inc.'s conduct. (ECF No. 54 at 1.)

proper." The decision to grant or deny a request pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and is reviewed only for abuse of discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Dismissal pursuant to Rule 41(a)(2) should be granted unless the defendant can show that it will suffer some clear legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). As no oppositions were filed to Plaintiffs' Motion, the Court will grant the Motion as unopposed. *See* LR 7-2(d). However, in light of Plaintiffs' pro se status and the fact that they sought voluntary dismissal at the early stage of proceedings in this case, the Court exercises its discretion to grant dismissal without prejudice.

It is therefore ordered that Plaintiffs' Motion for the Court to Dismiss Plaintiffs' Amended Complaint (ECF No. 88) is granted. Dismissal is without prejudice.

It is further ordered that the remaining pending motions in this case (ECF Nos. 61, 84, 85, 86) are denied as moot.

The Clerk of Court is directed to close this case.

DATED THIS 10th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE